IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 14, 2009 Session

## LANA WALTON LUSTER v. KENNETH WALTON

**Direct Appeal from the Circuit Court for Shelby County**
**No. 141808      Robert L. Childers, Judge**

**No. W2008-02167-COA-R3-CV - Filed November 19, 2009**

This is a post-divorce child support modification case.  The trial court relied upon the parties' private agreement to modify child support, but failed to determine if the amount agreed to be paid complied with the Tennessee Child Support Guidelines. Vacated and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Rachael Emily Putnam, Kay Farese Turner, Memphis, TN, for the Appellant, Lana Walton Luster.

Mitchell D. Moskovitz and Adam N. Cohen, Memphis, TN, for the Appellee, Kenneth Walton.

### OPINION

Appellant Lana Wilson-Walton Luster and Appellee Kenneth Walton were divorced by Final Decree entered on or about September 4, 1994 (*nunc pro tunc* to July 6, 1994).  The parties entered into a Marital Dissolution Agreement ("MDA"), which agreement was approved by the trial court and incorporated by reference into the Final Decree of Divorce.  Concerning child support, the MDA states:

> Husband shall pay Wife as child support the sum of $624.54 based
> upon his income earned from his current employment.... Both parties
> mutually acknowledge that no action between them will be effective
> to reduce child support payments, and they understand that Court
> approval must be obtained before child support can be reduced or
> terminated, unless such support payments are, by this agreement,
> automatically terminated or reduced.

Subsequent to the divorce, Ms. Luster filed a petition for contempt against Mr. Walton. Pursuant to this petition, Mr. Walton was found in contempt for failure to pay child support. In 1996, Mr. Walton filed a petition for modification of final decree of divorce, requesting that child support be reduced as he was unemployed at that time. Pursuant to that petition, the trial court temporarily deferred a portion of the child support that he owed until he became employed or until September 1, 1996. On February 6, 1997, the parties settled another petition for contempt by consent order, wherein it was stated that Mr. Walton paid the arrearage of child support due and agreed to pay Ms. Walton's attorney fees incurred as a result of the second petition for contempt.

On February 24, 1997, Mr. Walton filed a Petition to Modify the Previous Order of the Court. By his Petition, Mr. Walton asked the court for a reduction in his child support obligation based upon his alleged inability to find employment comparable in pay to the position he held at the time of the entry of the MDA. The Petition does not address Mr. Walton's current employment or income.

On October 7, 1999, Ms. Luster filed a petition for modification of the final decree of divorce and petition for injunction and restraining order. Therein, she avers that Mr. Walton "is currently paying child support in the amount of $411 per month." Ms. Luster asks the court to modify the visitation schedule and to award child support pursuant to the Tennessee Child Support Guidelines.

By Order of February 3, 2006, the trial court dismissed Ms. Luster's October 7, 1999 petition for lack of prosecution. Significantly, while Ms. Luster's petition for modification was dismissed, Mr. Walton's petition, which was filed two years before Ms. Luster's, was not. On March 3, 2006, Ms. Luster filed a motion to set aside the order of dismissal. In her motion, Ms. Luster states that, "[p]rior to the petition being filed, [Mr. Walton] had obtained a decrease in his child support obligation from $624.54 per month to $411.00 per month." However, there is no indication in the record that Mr. Walton's child support obligation was, in fact, reduced by the trial court. On January 16, 2008, the trial court denied Ms. Luster's motion to set aside the order of dismissal.

On January 23, 2008, Ms. Luster filed a third petition for civil contempt and modification of child support, wherein she states, in relevant part, that:

> 3. Mother would show unto this Honorable Court that Father has knowingly and willfully violated this Court's Orders and failed to pay Mother the proper amount of child support since October 1999. Mother would show that Father has willfully and knowingly paid her the sum of $411.00 per month despite having full knowledge that said sum was not the amount which he agreed to pay and which he was ordered by this Court to pay....

> *                              *                              *

> 5. Mother would further show that she is in need of a modification of the child support amount which Father is currently obligated to pay

based upon his income increasing to the extent that a significant variance exists in the amount of the income which he is earning.... Mother would ask this Honorable Court to modify Father's child support obligation from $624.54 to the sum of $948.00 per month to reflect Father's current child support obligation based upon his current income from all sources pursuant to the Tennessee Child Support Guidelines.

On April 15, 2008, Mr. Walton filed a response to the Ms. Luster's third petition for contempt and modification of child support, along with a counter-petition for contempt, wherein he states, in relevant part:

3. Father denies that he has knowingly or willfully violated this court's order by failure to pay the proper amount of child support since October of 1999. The MDA states that the amount of child support obligation is $624.55. However, in the Petition to **Modify** filed by Mother on October 7, 1999, she stated that the Father was "currently paying child support in the amount of $411.00 per month...." Furthermore, both parties apparently had been advised and both believed that the original child support order had been previously reduced either in Juvenile Court or in Circuit Court. Father believes that he was advised by prior counsel that his child support obligation had been decreased from the $624.54 amount to $411.00. In addition, supporting correspondence and pleadings drafted by Mother/petitioner's counsel...state specifically that the child support amount was reduced to $411.00 per month. Both parties believed and understood that this was the correct amount of child support. Father has detrimentally relied upon the mutual belief of both he and Mother that the amount had been in fact, properly reduced by consent of the parties. Because the parties were mutually mistaken, Mother should now be estopped from claiming that Father should have paid a different amount.

(Emphasis in original) (citations to record omitted).

On June 11, 2008, Mr. Walton filed a motion for diminution of the record and/or for entry of an order nunc pro tunc, wherein Mr. Walton again alleges that the parties agreed to reduce his child support obligation to $411.00 per month. Specifically, Mr. Walton states that:

[A]s a result of his February 24, 1997 Petition, Father's child support was reduced to four hundred and eleven dollars ($411) per month. Father has faithfully paid this amount each and every month since; however, no Order reflecting same appears in this Honorable Court's

record.

\*                              \*                              \*

10. Father respectfully submits that either by inadvertence, omission or mistake of either the prior counsel for the parties or the clerk of this Honorable Court, the Order resulting from Father's February 1997 reduction petition is missing from the record.

\*                              \*                              \*

Father respectfully submits that this Honorable Court should enter an Order in diminution of the record *Nunc pro Tunc* to 1997 reflecting the reduction of child support to $411 per month.

13. Alternately, Father respectfully submits that his February 24, 1997 Petition for a decrease in child support is still pending, and that this Honorable Court has the authority to reduce child support retroactive to the filing date of same.

On June 30, 2008, the trial court heard Ms. Luster's third petition for contempt and modification. At this hearing, the trial court inquired as to the existence of an agreement between the parties to modify Mr. Walton's child support obligation. The case was continued to August 15, 2008 in order to give the parties time to inquire with prior counsel to determine whether any order was, in fact, entered concerning the downward modification of Mr. Walton's child support obligation. No such order was found. On September 12, 2008, the trial court entered its Order on Mr. Walton's Petition to Modify Final Decree of Divorce, which states, in pertinent part, as follows:

It appears to the Court that the parties, through counsel in 1997, agreed to reduce [Mr. Walton's] child support obligation from $624.54 per month to $411.00 per month, to be effective as of the date of the filing of the Petition.
IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that [Mr. Walton's] child support obligation be, and the same is hereby, reduced to $411.00 per month, effective March 23, 1997.

This Order further states that it is "Nunc Pro Tunc [to] March 3, 1997." Ms. Luster appeals from this order and raises three issues for review as stated in her brief:

1. Did the trial court err in finding that the parties had entered into a private agreement in 1997 modifying Mr. Walton's child support obligation?

2. Did the trial court err in affirming the private agreement of the parties which it found to have existed absent an analysis and calculation of what Mr. Walton's child support obligation would have been based upon the application of the Tennessee Child Support Guidelines?

3. Did the trial court err in its application of the doctrine of Judicial Estoppel?

## Private Agreement

Because this case was tried by the court, sitting without a jury, we review the question of whether the parties entered into a private agreement to modify Mr. Walton's child support obligation *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. ***See*** Tenn. R. App. P. 13(d).

Ms. Luster asserts that the trial court erred in basing its decision to enter an order, *nunc pro tunc* to the date of filing of Mr. Walton's 1997 petition to modify, upon its finding that the parties had entered into a private agreement to modify the ordered support. Specifically, Ms. Luster asserts that, in so doing, the trial court directly violated the holding in ***Berryhill v. Rhodes***, 21 S.W.3d 188 (Tenn. 2000). Mr. Walton counters that the trial court did not, in fact, find that there was a private agreement. Rather, Mr. Walton contends that its decision to enter the *nunc pro tunc* order was based upon testimony supporting Mr. Walton's petition and negotiations between the parties' respective attorneys; consequently, Mr. Walton contends that ***Berryhill*** was not triggered in this case. In support of his argument, Mr. Walton relies upon the following portion of the trial court's statement from the bench:

> THE COURT: So it appears to the Court that the agreement of the parties to reduce his support to $411–$411 even was not a private agreement. It was done pursuant to the petition filed by the father.
>
> And only because of the inadvertence of the attorneys, either attorney, to enter an order pursuant to that agreement which the mother acknowledges in the March 3rd, 2006, motion, although she doesn't call it [an] agreement. She says that the respondent had obtained a decrease in his child support. Well, it appears obvious to me from everything I've heard in this case that he obtained the decrease by agreement based on Mr. McGhee's testimony to the Court. Given that, I think that the father's motion for diminution of the record and/or for entry of an order nunc pro tunc is in order.

Despite the trial court's statements, as our Supreme Court has noted: "the court speaks through its order, not through the transcript." ***In re Adoption of E.N.R.***, 42 S.W.3d 26, 31 (Tenn. 2001). The court's order states "that the parties, through counsel in 1997, agreed to reduce [Mr. Walton's] child support obligation from $624.54 per month to $411.00 per month, to be effective as of the date of the filing of the Petition." From our reading, the order clearly indicates that the trial court found a private agreement between these parties to reduce Mr. Walton's child support obligation pursuant to Mr. Walton's Petition to Modify Final Decree of Divorce. Moreover, the record supports this conclusion. At the August 15, 2008 hearing, Ms. Luster's prior counsel, Charles McGhee, testified that, due to his experiencing a heart attack at or near the time that Mr. Walton filed his petition for modification in 1997, his law partner, William Monroe, took over the matter. Mr. McGhee produced a letter authored by Mr. Monroe regarding the petition for modification filed by Mr. Walton. The letter states, in relevant part, that:

> [W]e will agree that the modification in child support shall be retroactive to the date of [Mr. Walton's] petition. We will also agree that your client will pay 21% of his current gross income, less taxes and social security, plus the arrearages due....

Furthermore, Ms. Luster's 1999 petition for modification, *supra*, acknowledges the fact that Mr. Walton was paying $411 per month in child support at that time. Although the word "agreement" is not used in the 1999 petition, it is nonetheless apparent that the parties were operating under terms different from those ordered by the trial court in the final decree of divorce. Because there is no evidence in the record that the trial court ever approved or, in fact, even considered the parties' unilateral decision to proceed with Mr. Walton paying only $411 of the $624.54 amount ordered, we can only conclude that the parties modified the ordered child support through their own, private agreement. Therefore, we must affirm the trial court's finding that the parties had agreed to reduce the child support as the evidence does not preponderate against this finding.

Although the trial court did not err in finding that there was an agreement between the parties to modify the ordered support, that finding is not dispositive. Parties may not enter into private agreements to avoid complying with child support obligations set forth in statute and in the Tennessee Child Support Guidelines. ***Berryhill v. Rhodes***, 21 S.W.3d 188, 191–92 (Tenn. 2000). Whether the parties had an agreement or not, the trial court was required to look beyond that agreement in making its decision to modify the ordered child support. From our review of the transcript and the trial court's order, it appears that the court relied solely upon the parties' agreement in reaching its decision to modify support, *nunc pro tunc* to 1997.[1] In short, while a trial court may

---

[1] As discussed in detail above, at the time of the hearing in this case, Mr. Walton's 1997 petition for modification was still viable as it had not been dismissed for lack of prosecution. Tenn. Code Ann. § 36-5-101(f)(1) provides as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state, and shall be entitled to full faith and credit in this state and in any other state. Such judgment shall not be subject to

consider private agreements to modify child support, in addition, it must apply the applicable standard for the modification of child support as provided in the child support guidelines.

## Applicable Standard for Modifying Child Support

Tenn. Code Ann. § 36-5-101(e)(1)(A) instructs the trial court to apply the child support guidelines, as set forth in the rules and regulations of the Department of Human Services, as a rebuttable presumption in determining the amount of child support. *See* Tenn. Comp. R. & Reg. § 1240-2-4-.01 (2006). Even with the adoption of the 2005 child support guidelines, trial courts retain a certain amount of discretion in their decisions regarding child support, which decisions we review under an abuse of discretion standard. ***Richardson v. Spanos***, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001).

Upon considering a petition to modify child support, the trial court must first determine whether there is a significant variance between the obligor's current obligation and the amount set by the guidelines. *See* Tenn. Code Ann. § 36-5-101(g);[2] ***Kaplan v. Bugalla***, 188 S.W.3d 632, 636 (Tenn. 2006). The parent seeking to modify a child support obligation has the burden of proving that a significant variance exists. ***Wine v. Wine***, 245 S.W.3d 389, 394 (Tenn. Ct. App. 2007). "[A] significant variance is defined as at least a fifteen percent (15%) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support order...." Tenn. Comp. R. & Reg. § 1240-2-4-.05(2)(c). After finding a significant variance, the trial court must determine the amount of child support to be paid in accordance with the child support guidelines. The amount of child support ordered may deviate from the guidelines, but the order must state the reasons for this deviation. Tenn. Code Ann. § 36-5-101(e)(1)(A) (2008). Parties may agree to an amount greater than the guideline amount or may agree to a different method of calculating child support, "as long as the resulting child support meets or exceeds the amount mandated under the Guidelines." ***Kesser v. Kesser***, 201 S.W.3d 636, 642 (Tenn.

---

modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties....

Under this statute, the trial court was within its authority to modify support going back to the date of Mr. Walton's 1997 petition.

[2] Tenn. Code Ann. § 36-5-101(g)(1) provides in part that:

Upon application of either party, the court shall decree an increase or decrease of support when there is found to be a significant variance, as defined in the child support guidelines established by subsection (e), between the guidelines and the amount of support currently ordered, unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances that caused the deviation have not changed.

2006)(citing Tenn. Code Ann. § 36-5-101). The trial court must, however, make the finding that the agreement meets the minimum obligation. ***Id.***

This statutory scheme is mandatory, and a trial court abuses its discretion if it fails to comply with it. As noted above, this record is devoid of any evidence from which we could conclude that the trial court utilized the child support guidelines to determine the amount of child support to be paid by Mr. Walton. It appears that the trial court's sole basis for modifying the ordered support in this case was the existence of the parties' private agreement. Consequently, we can only conclude that the trial court failed to apply the correct legal standard in this case, and in so doing erred in reducing Mr. Walton's child support obligation. Because of this error, all other issues are pretermitted. Accordingly, we vacate the trial court's order on Mr. Walton's petition to modify and remand for proper determination of child support in accordance with the child support guidelines.

## Conclusion

For the foregoing reasons, we vacate the order of the trial court and remand for such further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are assessed one-half to Appellant Lana Wilson-Walton Luster and her surety and one-half to the Appellee, Kenneth Walton, for which execution may issue if necessary.

_____

J. STEVEN STAFFORD, J.